**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEVITATION ARTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT ELECTRONICS LLC d/b/a SUMMIT CE GROUP,<br><br>Defendant. | Civil Action No. 17-cv-00613<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Levitation Arts, Inc. ("Levitation Arts"), by and through its attorneys, complains of Defendant, Summit Electronics LLC d/b/a Summit CE Group ("Summit"), as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and is brought by Plaintiff against Defendant for Defendant's infringement of U.S. Patent No. 7,505,243 ("the '243 patent") entitled "Magnetic Levitation Apparatus." A copy of the '243 patent is attached as Exhibit A.

## THE PARTIES

2. Levitation Arts is a corporation organized under the laws of the State of Illinois with a place of business at 8710 Wooded Trail Ct., Louisville, Kentucky 40220. Levitation Arts is in the business of, among other things, the design, marketing, sale, and support of magnetic levitation products. Levitation Arts conducts business in this judicial district, including business involving the sale to a large Chicago Area-based retailer of magnetic levitation products embodying technology claimed in the '243 patent-in-suit.

3. On information and belief, Summit is a limited liability company organized under the laws of the State of New York having a place of business at 1 Rewe Street, Brooklyn, New York, 11211. On further information and belief, Summit is in the business of, among other things, the marketing and sale of consumer electronics, including but not limited to Summit's Air$^2$ Bluetooth Levitating Speaker.

**JURISDICTION AND VENUE**

4. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

5. The Court has personal jurisdiction over Summit because Summit has, as discussed in greater detail below, committed acts of patent infringement in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b). *See, e.g., In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016).

**THE PATENT-IN-SUIT**

7. The United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,505,243 ("the '243 patent") on March 17, 2009.

8. Levitation Arts owns, is the assignee of, and has standing to sue for infringement of the '243 patent. A copy of the written instrument assigning rights in and to the '243 patent to Levitation Arts has been recorded in the USPTO.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,505,243**

9. Levitation Arts repeats and re-alleges the allegations in preceding paragraphs as though fully set forth herein.

10. Summit has infringed and continues to infringe the '243 patent by, at least, offering for sale and, on information and belief, importing into and selling throughout the United States,

including within this judicial district, its Air$^2$ Bluetooth Levitating Speaker (the "Air$^2$") which, according to information previously published on Summit's website, "levitates to provide acoustic sound." The Summit website on which this information was published was previously located at the following URL: http://shop.summitcegroup.com/Air-2-Squared-Floating-Wireless-Bluetooth-Speaker-CSBT-311-BLU-812180022068.htm. Summit's website also included the following image of one of its levitating Bluetooth speakers:



11. On information and belief, all models of the Air$^2$ offered for sale on Summit's website infringe the '243 patent, which models now include, or have in the past included, at least black, pink, red, and blue versions of the product (the "Accused Products").

12. Summit has infringed and continues to infringe at least claims 16, 17, 19, 20, 21, 22, 23, 24, and 25 of the '243 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, offering for sale and, on information and belief, importing into and selling the Accused Products throughout the United States. The Accused Products contain each and every element of at least claims 16, 17, 19, 20, 21, 22, 23, 24, and 25 of the '243 patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

13. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 16 as follows:

a. The Accused Product is an apparatus for levitating a magnetic element. Specifically, the Accused Product includes a base over which a speaker "levitates to provide acoustic sound. . . ."

*See* archive of http://shop.summitcegroup.com/Air-2-Squared-Floating-Wireless-Bluetooth-Speaker-CSBT-311-BLU-812180022068.htm.



b. The Accused Product has a ring magnet within the base, which ring magnet is disposed in a plane having longitudinal and latitudinal axes.



c. The ring magnet located within the base of the Accused Product is a permanent magnet that creates a static magnetic field.

d. The static magnetic field created by the ring magnet exists at an equilibrium location along the vertical axis of symmetry above the ring magnet and further has a substantially minimized magnetic field gradient in a direction orthogonal – or at a right angle – to the plane in which the ring magnet is disposed.

e. The Accused Product has a position sensor system located within the base, which position sensor system generates a signal indicative of the location of the magnetically-levitated speaker relative to the equilibrium location.

f. The Accused Product has four electromagnets located within the base, which electromagnets are connected to the position sensor that generate a control magnetic field to control motion of the magnetically-levitated Bluetooth speaker relative to the equilibrium location.




g. The Accused Product has a controller located within the base, which controller is connected to the position sensor system and the electromagnets, receives signals from the position sensor system, and controls the electromagnets in response to such signals.

14. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 17 as follows:

a. Levitation Arts repeats and re-alleges the allegations in preceding paragraph 11 and subparagraphs 11(a)-(g) as though fully set forth herein.

b. The ring magnet located within the base of the Accused Product is a unitary ring magnet.




15. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 19 as follows:

a. Levitation Arts repeats and re-alleges the allegations in preceding paragraph 11 and subparagraphs 11(a)-(g) as though fully set forth herein.

b. The four electromagnets located within the base of the Accused Product comprise are disposed in a substantially common plane with the ring magnet.

16. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed

initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 20 as follows:

a. Levitation Arts repeats and re-alleges the allegations in preceding paragraph 11, subparagraphs 11(a)-(g), paragraph 13, and subparagraphs 13(a)-(b) as though fully set forth herein.

b. The four electromagnets located within the base of the Accused Product are constructed of coils of wound copper.

17. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 21 as follows:

a. Levitation Arts repeats and re-alleges the allegations in preceding paragraph 11 and subparagraphs 11(a)-(g) as though fully set forth herein.

b. The four electromagnets located within the base of the Accused Product are disposed within the ring magnet.

18. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 22 as follows:

a. Levitation Arts repeats and re-alleges the allegations in preceding paragraph 11, subparagraphs 11(a)-(g), paragraph 13, and subparagraphs 13(a)-(b) as though fully set forth herein.

b. There are four electromagnets located within the base of the Accused Product, which electromagnets are disposed in a substantially common plane with one another and the ring magnet.

19. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 23 as follows:

a. Levitation Arts repeats and re-alleges the allegations in preceding paragraph 11, subparagraphs 11(a)-(g), paragraph 13, subparagraphs 13(a)-(b), paragraph 16, and subparagraphs 16(a)-(b) as though fully set forth herein.

b. There are four electromagnets located within the base of the Accused Product.

20. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 24 as follows:

a. Levitation Arts repeats and re-alleges the allegations in preceding paragraph 11, subparagraphs 11(a)-(g), paragraph 13, subparagraphs 13(a)-(b), paragraph 16, subparagraphs 16(a)-(b), paragraph 17, and subparagraphs 17(a)-(b) as though fully set forth herein.

b. The four electromagnets located within the base of the Accused Product are disposed within the ring magnet.

21. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.*, LPR 2.2, 3.1), the Accused Products infringe claim 25 as follows:

a. The Accused Product is an apparatus for levitating a magnetic element. Specifically, the Accused Product includes a base over which a speaker "levitates to provide acoustic sound. . . ."

*See* archive of http://shop.summitcegroup.com/Air-2-Squared-Floating-Wireless-Bluetooth-Speaker-CSBT-311-BLU-812180022068.htm.



b. The Accused Product has a ring magnet within the base, which ring magnet is disposed in a plane having longitudinal and latitudinal axes.



c. The ring magnet located within the base of the Accused Product is a permanent magnet that creates a static magnetic field.

d. The static magnetic field created by the ring magnet exists at an equilibrium location along the vertical axis of symmetry above the ring magnet and further has substantially magnetic field gradient in a direction orthogonal – or at a right angle – to the plane in which the ring magnet is disposed.

e. The Accused Product has a position sensor system located within the base, which position sensor system generates a signal indicative of the location of the magnetically-levitated Bluetooth speaker relative to the equilibrium location.

f. The Accused Product has four electromagnets located within the base, which electromagnets are disposed within the ring magnet in a substantially common plane with one another and the ring magnet, and which generate a control magnetic field to control motion of the magnetically-levitated Bluetooth speaker relative to the equilibrium location.




g. The Accused Product has a controller located within the base, which controller is connected to the position sensor system and at least two of the

four electromagnets, receives signals from the position sensor system, and controls at least two of the four electromagnets in response to such signals.

22. Levitation Arts has complied with 35 U.S.C. § 287 to the extent required by law.

23. Levitation Arts previously notified Summit of the '243 patent and Summit's infringement of the same. Notwithstanding, Summit's infringement has persisted. Accordingly, Summit's ongoing infringement of the '243 patent has been willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Levitation Arts respectfully asks this Court to enter judgment against Summit, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Summit, granting the following relief:

A. The entry of judgment in favor of Levitation Arts and against Summit;

B. An award of damages adequate to compensate Levitation Arts for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest; and

C. Such other relief that Levitation Arts is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

**Jury Demand**

Levitation Arts demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: January 26, 2017

*_/s/ Matthew G. McAndrews_*
Matthew G. McAndrews
Kyle D. Wallenberg

NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
Levitation Arts, Inc.